UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| CHRISTOPHER M. GILMORE,            ) | |
|                                    ) | |
|            Plaintiff,     ) | |
|                                    ) | |
| v.                                 ) | No.: 13-2239-JBM-DGB |
|                                    ) | |
|                                    ) | |
| CHIEF DOWNEY, TIMOTHY F.           ) | |
| BUKOWSKI, TOM DART, and            ) | |
| OFFICER WILKING,                   ) | |
|                                    ) | |
|            Defendants.    ) | |

**MERIT REVIEW ORDER**

**JOE BILLY MCDADE, U.S. District Judge:**

      This cause is before the Court for a merit review, pursuant to 28 U.S.C. § 1915A, of Plaintiff Christopher M. Gilmore's claims.

**I.
MERIT REVIEW UNDER 28 U.S.C. § 1915(A)**

      Under 28 U.S.C. § 1915(e)(2) and § 1915A, the Court is required to carefully screen a complaint filed by a plaintiff who seeks to proceed in forma pauperis. The Court must dismiss a complaint, or a portion thereof, if the plaintiff has raised claims that are legally "frivolous or malicious," that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id*. The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim for relief if the complaint does not allege "enough facts to state a claim to relief that

1

is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

In reviewing the complaint, the Court accepts the factual allegations as true and liberally construes them in plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Conclusory statements and labels are insufficient. Fed. R. Civ. P. 8; *Schatz v. Republican State Leadership Comm.,* 669 F.3d 50, 55 (1st Cir. 2012)(holding that, in order to determine if a complaint states a plausible claim, the court must take non-conclusory, non-speculative facts as true, draw all reasonable inferences in the pleader's favor, and isolate and ignore statements that simply rehash claim elements or offer only legal labels and conclusions).  Instead, sufficient facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(internal quotation omitted).

## II.
## ANALYSIS

Gilmore, a pre-trial detainee, has filed the instant suit, pursuant to 42 U.S.C. § 1983, against Defendants Chief Downey, Timothy F. Bukowski, Tom Dart, and Officer Wilking.  To state a claim under section 1983, a plaintiff must allege two elements: (1) the alleged conduct was committed by a person acting under color of state law; and (2) the activity deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Case v. Milewski,* 327 F.3d 564, 566 (7th Cir. 2003); *Gomez v. Toledo,* 446 U.S. 635, 638 (1980) (citing 42 U.S.C. § 1983).

Gilmore alleges that Defendants Downey and Bukowski and their staff are "very unprofessional."   However, being unprofessional towards someone does not constitute a deprivation of that person's rights, privileges, or immunities secured by the Constitution.  As that

is the only claim asserted against Defendants Downey and Bukowski, they are dismissed as Defendants.

Similarly, Gilmore alleges that Defendant Dart acted unprofessionally and neglectfully in his treatment of others in transferring pre-trial detainees to other counties. Again, being unprofessional does not constitute a Constitutional deprivation. Moreover, Gilmore does not allege that Dart transferred him in violation of any of his constitutional rights. Accordingly, Gilmore fails to state a claim against Defendant Dart upon which relief can be granted, and therefore, Dart is dismissed as a party Defendant.

Finally, the Court finds that Gilmore's Complaint fails to state a cause of action against Defendant Officer Wilking. Gilmore alleges that he asked Officer Wilking to see a doctor for his depression and because he was experiencing bad dreams. According to Gilmore, Officer Wilking refused to allow him to see a doctor.

Because Gilmore is a pretrial detainee, his deliberate-indifference claim arises under the Fourteenth Amendment's Due Process Clause, but it is governed by the same standards as a claim for violation of the Eighth Amendment's prohibition against cruel and unusual punishment. *Smith v. Sangamon County Sheriff's Dept.*, 715 F.3d 188, 191 (7th Cir. 2013). "In order to prevail on a deliberate indifference claim, a plaintiff must show (1) that his condition was 'objectively, sufficiently serious' and (2) that the 'prison officials acted with a sufficiently culpable state of mind." *Lee v. Young*, 533 F.3d 505, 509 (7th Cir. 2008)(quoting *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005)); *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008)(same). "A medical condition is serious if it 'has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention.'" *Lee*, 533 F.3d at 509 (quoting *Greeno,* 414 F.3d at 653). "With respect to

the culpable state of mind, negligence or even gross negligence is not enough; the conduct must be reckless in the criminal sense." *Id*.; *Farmer v. Brennan*, 511 U.S. 825, 836-37 (1994)("We hold . . . that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference.").

Gilmore's Complaint against Officer Wilking fails to state a claim for two reasons. First, although he claims that Officer Wilking refused to provide him with medical care, Gilmore's allegation is belied by the attachments to his Complaint. In response to Gilmore's grievance regarding the need for medical attention that he submitted in June 2013 and that Gilmore attached to his Complaint, Officer Wilking responded: "This will be addressed. Medical will be notified." Exhibit C to Complaint. Moreover, the grievance that Gilmore submitted in July 2013 and that Gilmore attached to his Complaint was not received by Officer Wilking, nor did he sign it. Exhibit D to Complaint.

Even a pro se plaintiff may plead himself out of court. *McCready v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007). When documents attached to a complaint contradict the complaint's allegations, the attachments trump the allegations. *Massey v. Merrill Lynch & Co., Inc.*, 464 F.3d 642, 645 (7th Cir. 2006); Fed. R. Civ. Pro. 10(c). Accordingly, Gilmore has failed to allege properly that Officer Wilking refused to provide him with medical care, *i.e.*, Gilmore has failed to allege properly that Officer Wilking deprived him of any of his constitutionally protected rights.

4

Second, Gilmore failed to allege properly that Officer Wilking acted with a sufficiently culpable state of mind. *Lee*, 533 F.3d at 509.  Specifically, Gilmore has failed to allege sufficiently that Officer Wilking understood that Gilmore suffered from a serious medical condition. *Id*.  Simply informing a prison official that one is depressed and is worried about his criminal case is insufficient to place that prison official on notice that the prisoner/would-be plaintiff suffers from a serious medical condition in that the condition is not so obvious that even a lay person would perceive the need for a doctor's attention. *Id*.  Accordingly, the Court finds that Gilmore's Complaint fails to state a claim against Officer Wilking.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff Christopher M. Gilmore's Complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A.  Any further amendment to the Complaint would be futile because Plaintiff's claim is not cognizable.

2. This dismissal shall count as one of Plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g).

3. Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed.  The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court as directed in the Court's prior Order.

4. If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a).  A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. Fed. R. App. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

5. **This case is, therefore, closed, and the clerk is directed to enter a judgment pursuant to Federal Rule of Civil Procedure 58. The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log. All pending motions are denied as moot.**

Entered this 10th day of December 2013.

                                                 s/ Joe Billy McDade
                                                 JOE BILLY MCDADE
                                       UNITED STATES DISTRICT JUDGE